UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-20521-CR-LEIBOWITZ(s)

UNITED STATES OF AMERICA

v.

J. MITCHELL LOWE,

Defendant.
_____ /

PLEA AGREEMENT

The United States of America, by and through the Fraud Section of the Criminal Division of the United States Department of Justice (hereinafter referred to as the "United States"), and J. MITCHELL LOWE (hereinafter referred to as the "defendant"), enter into the following agreement:

1.    The defendant agrees to plead guilty to the Information charging him with Conspiracy to Commit Securities Fraud in violation of 18 U.S.C. § 371. The defendant acknowledges that he has read the charge against him contained in the Information and that the charge has been fully explained to him by his attorney. The United States agrees that, if the Court accepts the defendant's guilty plea, then after sentencing, it will move to dismiss Counts 1, 2, 3 and 4 alleged against the defendant in the Indictment filed in the case captioned *United States v. Theodore Farnsworth, et al.*, 22-CR-20521-DSL (S.D. Fla.).

2.    The defendant is aware that the sentence will be imposed by the Court. The defendant understands and agrees that federal sentencing law requires the Court to impose a sentence that is reasonable and that the Court must consider the U.S. Sentencing Guidelines and related policy statements (hereinafter "Sentencing Guidelines"), in effect at the time of the sentencing in determining that reasonable sentence. The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying

1

in part on the results of a Pre-Sentence Investigation by the Court's Probation Office, which investigation will commence after the guilty plea has been entered. The defendant also is aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that, while the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, it is not bound to impose a sentence within that advisory guideline range. The defendant understands that the facts that determine the offense level will be found by the Court at the time of sentencing and that in making this determination the Court may consider any reliable evidence, including hearsay, as well as the provisions or stipulations in this Plea Agreement. The Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3.     The defendant also understands and acknowledges that, as to the allegations set forth in the Information, the Court may impose a statutory maximum term of imprisonment of up to five (5) years, a fine of up to the greater of $250,000, pursuant to 18 U.S.C. § 3571(b)(3), or twice the pecuniary gain or loss, pursuant to 18 U.S.C. § 3571(d), and up to one (1) years of supervised release to commence at the conclusion of the period of imprisonment.

3

MR 9/16
Juu 9/16
JM 9/16

2

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this Plea Agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. The Court may also order restitution.

5. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a natural-born citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which the defendant is pleading guilty. In addition, under certain circumstances, denaturalization may also be a consequence of pleading guilty to a crime. Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's denaturalization and automatic removal from the United States.

6. The defendant shall cooperate with law enforcement officials, attorneys with the United States Department of Justice, and with federal regulatory officials charged with regulating or overseeing the securities markets by providing full, complete and truthful information regarding his knowledge, conduct and actions while involved with MoviePass, Inc. and by providing active cooperation in ongoing investigations if requested to do so. If called upon to do so, the defendant shall provide complete and truthful testimony before any grand jury or trial jury in any criminal case, in any civil proceeding or trial, and in any administrative proceeding or hearing. In carrying out his obligations under this paragraph defendant shall neither minimize his own involvement nor fabricate,

3

minimize or exaggerate the involvement of others. If the defendant intentionally provides any incomplete or untruthful statements or testimony, his actions shall be deemed a material breach of this Plea Agreement and the United States shall be free to pursue all appropriate charges against him notwithstanding any agreements to forbear from bringing additional charges as may be otherwise set forth in this Plea Agreement.

7.      The defendant shall provide the Probation Office and counsel for the United States with a full, complete, and accurate personal financial statement. If the defendant provides incomplete or untruthful statements in his personal financial statement, his action shall be deemed a material breach of this Plea Agreement and the United States shall be free to pursue all appropriate charges against him notwithstanding any agreements to forbear from bringing additional charges otherwise set forth in this Plea Agreement.

8.      Provided that the defendant commits no new criminal offenses and provided he continues to demonstrate an affirmative recognition and affirmative acceptance of personal responsibility for his criminal conduct, the United States agrees that it will recommend at sentencing that the defendant receive a three-level reduction for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines. The United States, however, will not be required to make this recommendation or motion if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the United States and the Probation Office of the circumstances surrounding the relevant offense conduct and his present financial condition; (2) is found to have misrepresented facts to the United States prior to entering into this Plea Agreement; or (3) commits any misconduct after entering into this Plea Agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

4

9.      The United States reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.  Subject only to the express terms of any agreed-upon sentencing recommendations contained in this Plea Agreement, the United States further reserves the right to make any recommendation as to the quality and/or quantity of punishment.

10.     The United States reserves the right to evaluate the nature and extent of the defendant's cooperation and to make the defendant's cooperation, or lack thereof, known to the Court at the time of sentencing.  If in the sole and unreviewable judgment of the United States the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the sentence advised by the Sentencing Guidelines, the United States may at or before sentencing make a motion pursuant to Title 18, United States Code, Section 3553(e), Section 5K1.1 of the Sentencing Guidelines, or subsequent to sentencing by motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure, reflecting that the defendant has provided substantial assistance and recommending a sentence reduction.  The defendant acknowledges and agrees, however, that nothing in this Plea Agreement may be construed to require the United States to file such a motion and that the United States' assessment of the nature, value, truthfulness, completeness, and accuracy of the Defendant's cooperation shall be binding on the defendant.

11.     The defendant understands and acknowledges that the Court is under no obligation to grant a motion by the United States pursuant to Title 18, United States Code, Section 3553(e), 5K1.1 of the Sentencing Guidelines or Rule 35 of the Federal Rules of Criminal Procedure, as referred to in paragraph 10 of this Plea Agreement, should the United States exercise its discretion to

file such a motion.

12.     The defendant admits and acknowledges that the facts set forth in the attached

Agreed Factual Basis for Guilty Plea are true and that the United States could prove them at trial

beyond a reasonable doubt that the defendant knowingly and willfully participated in a conspiracy to

commit securities fraud.

13.     The United States and the defendant agree that, although not binding on the

Probation Office or the Court, they will jointly recommend that the Court make the following findings

and conclusions as to the sentence to be imposed:

    (a)    Base Offense Level: The defendant's base offense level is at least six (6), in accordance with U.S.S.G. § 2B1.1(a).

    (b)    Number of Victims: A two (2) level enhancement pursuant to U.S.S.G. § 2B1.1(b)(2) should be applied because the number of victims is ten (10) or more.

    (c)    Loss: A twenty-two (22) level enhancement for loss of at least $25 million pursuant to U.S.S.G. § 2B1.1(b)(1)(L) should be applied. While the United States takes the position that the loss is approximately $303,299,402, and the defendant asserts that the loss is lower, the final calculation will not impact the calculation of the advisory guideline range as the parties understand that the advisory guideline range will be greater than the statutory maximum sentence. If, subsequent to entry of this Plea Agreement and prior to the defendant's sentencing, a coconspirator litigates the loss amount, and the Court determines that the loss attributable to the conspiracy is less than $25 million, the defendant may argue that the lower loss amount applies to him as well. The parties agree that the defendant is not bound by these loss numbers in any other litigation, including with the U.S. Securities and Exchange Commission.

    (d)    Acceptance of Responsibility: Subject to paragraph 8 of this Plea Agreement, the defendant's offense level should be decreased by three (3) levels pursuant to U.S.S.G. § 3E1.1(a) because the defendant has demonstrated acceptance of responsibility for his offense and assisted authorities in the investigation of and prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty.

In addition, the United States will not object to Probation and the Court's application of the

"Adjustment for Certain Zero Point Offenders" pursuant to U.S.S.G. §4C1.1.

14.     While the Government will not be seeking any additional enhancements, the defendant acknowledges and understands that additional or different enhancements or provisions of the Sentencing Guidelines might be applicable, and that neither the Court nor Probation are bound by the parties' joint recommendations.

15.     The defendant agrees, in an individual and any other capacity, to forfeit to the United States voluntarily and immediately any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense in violation of 18 U.S.C. § 371, to which the defendant is pleading guilty, pursuant to 18 U.S.C. § 981(a)(1)(C).  In addition, the defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p). The property subject to forfeiture includes a forfeiture money judgment in the amount of $388,224, which represents the amount of proceeds obtained as a result of violation of Title 18, United States Code, Section 371, as alleged in the Information.

16.     The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

17.     The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction. The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture.  This includes, but is not limited to, the timely delivery upon request of

all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

18.    In furtherance of the satisfaction of a forfeiture money judgment entered by the Court in this case, the defendant agrees to the following:

(a)    submit a financial statement to this Office upon request, within 14 calendar days from the request;

(b)    maintain any asset valued in excess of $10,000, and not sell, hide, waste, encumber, destroy, or otherwise devalue such asset without prior approval of the United States;

(c)    provide information about any transfer of an asset valued in excess of $10,000 since the commencement of the offense conduct in this case to date;

(d)    cooperate fully in the investigation and the identification of assets, including liquidating assets, meeting with representatives of the United States, and providing any documentation requested; and

(e)    notify, within 30 days, the Clerk of the Court for the Southern District of Florida and this Office of: (i) any change of name, residence, or mailing address, and (ii) any material change in economic circumstances.

19.    The defendant further understands that providing false or incomplete information about assets, concealing assets, making materially false statements or representations, or making or using false writings or documents pertaining to assets, taking any action that would impede the forfeiture of assets, or failing to cooperate fully in the investigation and identification of assets may be used as a basis for: (i) separate prosecution, including, under 18 U.S.C. § 1001; or (ii) recommendation of a denial of a reduction for acceptance of responsibility pursuant to the United States Sentencing Guidelines § 3E1.1.

20.    The defendant acknowledges that because the offenses of conviction occurred after

8

April 24, 1996, restitution is mandatory without regard to the defendant's ability to pay and that the Court must order the defendant to pay restitution for the full loss caused by his criminal conduct pursuant to Title 18, United States Code, Section 3663A. Furthermore, the defendant stipulates that he owes restitution in an amount to be calculated at sentencing jointly and severally with his coconspirator.

21.     The defendant is aware that the sentence has not yet been determined by the Court. The defendant is also aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office or the Court. The defendant understands further that any recommendation that the United States makes to the Court as to sentencing, whether pursuant to this Plea Agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the United States, or a recommendation made jointly by both the defendant and the United States.

22.     The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this Plea Agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any forfeiture or restitution ordered, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the guideline range that the Court establishes at sentencing. The defendant further understands

9

that nothing in this Plea Agreement shall affect the right of the United States and/or its duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this Plea Agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this Plea Agreement with his attorney. The defendant further agrees, together with the United States, to request that the district Court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

23.     The defendant agrees that if he fails to comply with any of the provisions of this Plea Agreement, including the failure to tender such agreement to the Court, makes false or misleading statements before the Court or to any agents of the United States, commits any further crimes, or attempts to withdraw the plea (prior to or after pleading guilty to the charges identified in paragraph 1 above), the United States will have the right to characterize such conduct as a breach of this Plea Agreement. In the event of such a breach:

> (a) the United States will be free from its obligations under this Plea Agreement and further may take whatever position it believes appropriate as to the sentence and the conditions of the defendant's release (for example, should the defendant commit any conduct after the date of this Plea Agreement that would form the basis for an increase in the defendant's offense level or justify an upward departure – such as obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Probation Officer, or the Court – the United States is free under this Plea Agreement to seek an increase in the offense level based on that post-agreement conduct);

> (b) the defendant will not have the right to withdraw the guilty plea;

> (c) the defendant shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including perjury and obstruction of justice; and

> (d) the defendant waives any protections afforded by U.S.S.G. § 1B1.8 (a) of the Sentencing Guidelines, Rule 11 of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, and the United States will be free to use against the defendant, directly

10

and indirectly, in any criminal or civil proceeding any of the information, statements, and materials provided by him pursuant to this Plea Agreement, including offering into evidence or otherwise using the attached Agreed Factual Basis for Guilty Plea.

24.    This is the entire agreement and understanding between the United States and the

defendant. There are no other agreements, promises, representations or understandings.

GLENN S. LEON, CHIEF
U.S. DEPARTMENT OF JUSTICE
CRIMINAL DIVISION, FRAUD SECTION

MARKENZY LAPOINTE
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

Date: 9/5/24

By: _____

CHRISTOPHER FENTON
LAUREN ARCHER
MATTHEW REILLY
TRIAL ATTORNEYS
U.S. DEPARTMENT OF JUSTICE
CRIMINAL DIVISION, FRAUD SECTION

Date: SEP 3, 2024

By: _____

J. MITCHELL LOWE
DEFENDANT

Date: 9/3/2024

By: _____

DAVID O. MARKUS, ESQ.
MARGOT MOSS, ESQ.
COUNSEL FOR DEFENDANT

11