UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20521-DSL

UNITED STATES OF AMERICA

v.

**J. MITCHELL LOWE,**

**Defendant.**
_____ /

**PRELIMINARY ORDER OF FORFEITURE**

THIS MATTER is before the Court upon motion of the United States for entry of a Preliminary Order of Forfeiture ("Motion") against Defendant **J. MITCHELL LOWE** (the "Defendant"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On September 11, 2024, the United States filed a Superseding Information charging the Defendant in Count 1 with Conspiracy to Commit Securities Fraud in violation of 18 U.S.C. § 371. Superseding Information, ECF No. 139. The Superseding Information also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 371, the Defendant shall forfeit any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(l)(C). *See id.* at 27.

On September 16, 2024, the Court accepted the Defendant's guilty plea to Count 1 of the Superseding Information. *See* Minute Entry, ECF No. 143; Plea Agreement ¶ 1, ECF No. 145. As part of the guilty plea, the Defendant agreed to a forfeiture money judgment in the amount of $388,224.

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found

that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, ECF No. 146. The Factual Proffer also provided a basis for the forfeiture of property. *See id.* at 17.

Pursuant to the Factual Proffer signed by the Defendant, beginning in or around August 2017, and continuing through in or around March 2019, within the Southern District of Florida and elsewhere, the Defendant, as CEO of MoviePass Inc. ("MoviePass"), knowingly and willfully conspired and agreed with Coconspirator 1, the Chief Executive Officer and Chairman of the Board of Helios & Matheson Analytics Inc. ("HMNY"), to commit securities fraud.

MoviePass was a privately held company that offered a subscription service through which subscribers paid a flat monthly fee in exchange for a certain number of movie tickets per month. To use the service, a subscriber would select a movie, theater, and show time through the MoviePass application on the subscriber's smartphone, and then use a MoviePass-branded debit card that was loaded with the cost of the movie ticket to pay at the selected theater.

HMNY was a public company that purported to be a leader in data analytics and artificial intelligence. HMNY's common stock traded on NASDAQ.

By the summer of 2017, MoviePass was running out of money. The Defendant was on the verge of shutting down MoviePass's business operations when he met Coconspirator 1. In the course of discussions about a potential deal between HMNY and MoviePass, Coconspirator 1 told the Defendant that he was an expert in promoting stock and had access to large sums of capital from sources on Wall Street.

Coconspirator 1 and the Defendant agreed on a plan to use MoviePass to artificially inflate HMNY's stock price and fraudulently raise new money. As part of the agreed on plan, on August 15, 2017, HMNY and MoviePass jointly announced that:

    a.    HMNY had acquired a majority ownership interest in MoviePass (the

"Acquisition").

b. The Acquisition allowed MoviePass to introduce a new "unlimited" plan that purported to allow subscribers the opportunity to watch "any movie any theater any day" for $9.95 per month.

c. HMNY would "increase shareholder value" by using HMNY's "big data" and "artificial intelligence" capabilities to monetize MoviePass's subscriber data, including from the new subscribers MoviePass expected to sign up as a result of its newly-announced $9.95 "unlimited" plan.

Coconspirator 1 and the Defendant then agreed on a series of false and misleading talking points, which Coconspirator 1 and the Defendant repeated in press releases, SEC filings, interviews on podcasts and on television, and in print and online media, all of which were intended to reach, and at times did in fact reach, investors and the general public throughout the United States, including within the Southern District of Florida and elsewhere. Coconspirator 1 and the Defendant appeared in the media and reviewed and approved the press releases and SEC filings. Coconspirator 1 and the Defendant communicated regularly throughout the conspiracy – in-person, by telephone and by text message – to discuss what they would say in joint and solo media appearances to make misleading positive statements about HMNY and MoviePass to artificially inflate HMNY's stock price and attract new investors.

The Defendant agrees that he received at least $388,224.13 in salary payments during and in furtherance of the conspiracy in 2017, 2018, and 2019, which constitute proceeds traceable to the commission of the offense.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

3

1. Pursuant to 18 U.S.C. § 981(a)(1)(C) and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $388,224 is entered against the Defendant.

2. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

4. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

It is further **ORDERED** that upon adjudication of all third-party interests, if any, the Court will enter a final order of forfeiture as to the property in which all interests will be addressed. Upon notice from the United States that no claims have been filed within 60 days of the first day of publication or within 30 days of receipt of notice, whichever is earlier, then, pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(7), this Order shall become a Final Order of Forfeiture and any duly authorized law enforcement agency shall dispose of the property in accordance with applicable law.

**DONE AND ORDERED** in Miami, Florida, this _____ day of September 2024.

_____
David S. Leibowitz
UNITED STATES DISTRICT JUDGE